# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY M. PEDERSEN,**

    **Petitioner,**

    **v.**                                                   **Case No. 14-CV-311**

**REED RICHARDSON,**

    **Respondent.**

## ORDER

Jeffery M. Pedersen ("Pedersen"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the Court is the respondent's motion to dismiss the petition for writ of habeas corpus on the grounds that the petition is time barred. (Docket # 17.) One exception to an untimely filed habeas petition is the doctrine of equitable tolling, which the State has argued does not apply to Pedersen. (*Id.* at 9.) However, the Supreme Court has recently held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Construing Pedersen's *pro se* petition and briefs liberally, as I must, he appears to be raising an argument of actual innocence of the charge of criminal trespass to dwelling under Wis. Stat. § 943.14. Pedersen stated in his petition that he lived at the home where the incident occurred (Docket # 1 at 7-8) and recently submitted two affidavits stating that prior to trial he lived at his "residence" in Pembine, Wisconsin (Docket # 29 and Docket # 30-1).

Although the State indicated that it would not file a reply to Pedersen's response brief (Docket # 31), the State is ordered to file a reply brief addressing the actual innocence exception to AEDPA's

statute of limitations by **January 20, 2015**. The State should include any trial transcripts that have any bearing on Pedersen's residency claim that are pertinent to his claim of actual innocence on the criminal trespass to dwelling conviction.

Dated at Milwaukee, Wisconsin this 30th day of December, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge