# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFERY M. PEDERSEN,**

 **Petitioner,**

 **v.**               **Case No. 14-CV-311**

**REED RICHARDSON,**

 **Respondent.**

## DECISION AND ORDER ON
## MOTION TO DISMISS HABEAS CORPUS PETITION

 Jeffery M. Pedersen ("Pedersen"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pedersen alleges that his custody is unlawful on multiple grounds. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Previously, the court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, allowed the case to proceed, and ordered the respondent to file a response to the petition. Subsequently, the respondent filed a motion to dismiss the habeas petition as untimely. (Docket # 17.) The parties have briefed the motion to dismiss and the motion is ready for resolution. For the reasons stated below, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.[1]

---

[1] Pedersen also moves for reconsideration of the court's denial of his request for an evidentiary hearing. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601,

**BACKGROUND**

On March 7, 2002, Pedersen was convicted of eight counts of endangering safety, one count of criminal trespass, and one count of disorderly conduct. (Habeas Petition at 2, Docket # 1.) Pedersen was sentenced in July 2002 to thirty-two years of imprisonment, consisting of twenty years of initial confinement and twelve years of extended supervision. (Ex. A to Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br."), Docket # 17-1.)

On November 21, 2002, Pedersen filed a motion for postconviction relief pursuant to Wis. Stat. § 974.02. (Ex. F to Def.'s Br. at 19, Docket # 17-6.) The circuit court denied the motion, and Pedersen appealed the circuit court's decision. (Ex. C to Def.'s Br., Docket # 17-3.) The Wisconsin Court of Appeals affirmed the circuit court's decision on September 23, 2003. (*Id.*) Pedersen filed a petition for review with the Wisconsin Supreme Court, which was denied on December 16, 2003. (Ex. D to Def.'s Br., Docket # 17-4.)

While his direct appeal was pending, Pedersen filed a petition for a writ of habeas corpus on October 27, 2003. (Ex. E to Def.'s Br., Docket # 17-5.) The court of appeals denied the petition on December 23, 2003. (*Id.* at 2.) Pedersen filed a petition for review, which the supreme court denied on March 23, 2004. (*Id.* at 1.)

On November 8, 2004, Pedersen filed a Wis. Stat. § 974.06 motion for postconviction relief in the circuit court collaterally attacking his conviction. (Docket # 17-6 at 16.) The circuit court denied the motion, and Pedersen appealed that decision. (Ex. G to Def.'s Br., Docket # 17-7.) The

---

606 (7th Cir. 2000)(quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Pedersen has not shown the court made a manifest error of law in denying his motion for an evidentiary hearing. As such, Pedersen's motion for reconsideration (Docket # 21) is denied.

court of appeals affirmed the circuit court's decision on June 27, 2006. (*Id.*) The supreme court denied Pedersen's petition for review on October 12, 2006. (Docket # 17-6 at 12.)

On January 10, 2007, Pedersen filed a motion to modify sentence, which was denied on the same day. (*Id.*) On February 20, 2007, Pedersen filed a state writ of habeas corpus, which the circuit court denied on February 22, 2007. (*Id.* at 11.) On March 14, 2008, Pedersen filed a petition for sentence adjustment, which the circuit court denied on March 26, 2008. (*Id.* at 9-11.)

Pedersen filed various other motions between February 10, 2009 and November 12, 2012. (*Id.* at 3-8.) The last action taken by the court of appeals is dated October 24, 2013. (*Id.* at 1.) On March 21, 2014, Pedersen filed the instant petition for writ of habeas corpus. (Docket # 1.)

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Pedersen does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, Pedersen's claim falls under 28 U.S.C. § 2244(d)(1)(A).

Pedersen sought direct review of his conviction pursuant to Wis. Stat. § 974.02. The Wisconsin Supreme Court denied his petition for review on December 16, 2003. (Docket # 17-4.) Pedersen did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Ninety days after December 16, 2003 was March 15, 2004. Accordingly, under 28 U.S.C. § 2244(d)(1)(A) the one-year clock commenced for Pedersen on March 16, 2004. *See* Fed. R. Civ. P. 6(a)(1).

However, a properly filed application for State post-conviction or other collateral review tolls the limitation period. 28 U.S.C. § 2244(d)(2). While his direct appeal was pending, Pedersen filed

a State petition for a writ of habeas corpus. (Ex. E to Def.'s Br., Docket # 17-5.) The petition for review was denied on March 23, 2004. (*Id.* at 1.) Thus, as the time was tolled while the State habeas was pending, Pedersen's statute of limitations commenced on March 24, 2004.

On November 8, 2004, Pedersen filed a Wis. Stat. § 974.06 motion for postconviction relief in the circuit court collaterally attacking his conviction. (Docket # 17-6 at 16.) The supreme court denied Pedersen's petition for review on October 12, 2006. (Docket # 17-6 at 12.) Accordingly, the statute of limitations was again tolled beginning on November 8, 2004, when Pedersen filed a collateral attack on his conviction. This was 229 days after the statute of limitations commenced. The statute of limitations remained tolled until October 12, 2006, the date when the supreme court denied Pedersen's petition for review. At this point, Pedersen had 136 days, or until February 26, 2007, to file his federal habeas petition (365 days minus 229 days). Prior to the February 26, 2007 deadline, Pedersen filed a motion to modify sentence on January 10, 2007. This motion was denied the same day. Thus, Pedersen's statute of limitations was tolled for this one day. At the time the statute of limitations was tolled again on January 10, 2007, 89 days had passed since the statute of limitations began to run again on October 13, 2006. Pedersen had 47 days remaining to file his federal habeas petition (136 days minus 89 days), or until February 27, 2007.

On February 20, 2007, Pedersen filed a state writ of habeas corpus, which the circuit court denied on February 22, 2007. Thus, the statute of limitations tolled again on February 20, 2007. At this point, 40 days passed since the statute of limitations began to run again on January 11, 2007. Pedersen had 7 days remaining to file his federal habeas petition (47 days minus 40 days), or until March 2, 2007. Pedersen did not file another motion until March 14, 2008. Although Pedersen filed many motions in state court subsequent to the expiration of the March 2, 2007 statute of limitations,

state motions for collateral relief do not give rise to a second one year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir.2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). Thus, Pedersen's motion for federal habeas relief, filed on March 21, 2014, is untimely.

The analysis, however, does not end. There are two doctrines which may excuse an untimely petition which I must consider: equitable tolling and actual innocence. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Pedersen argues that equitable tolling is appropriate in this case because he could not get an attorney and neither he nor his fellow inmate who drafted his pleadings understood the court rules and time limits. (Petitioner's Resp. Br. at 4, Docket # 28.) However, the Seventh Circuit has stated that neither lack of representation nor a petitioner's lack of legal training is sufficient, on its own, to warrant equitable tolling. *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). The court stated:

> [L]ack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training. Prisoners do not have a constitutional right to the assistance of counsel in post-conviction collateral attacks. We cannot give the label "extraordinary" to a trait that applies to 92 percent of prisoners filing petitions. Nor is lack of legal knowledge, another feature shared by the overwhelming majority of prisoners, by itself enough to justify equitable tolling. The statutory deadlines would be meaningless if either of these common problems were enough to override the normal rules.

*Id.* (internal quotations and citations omitted). Thus, Pedersen has not shown that equitable tolling excuses his untimely petition.

The Supreme Court has also held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In this case, Pedersen's pleadings, liberally construed, argue that he is actually innocent of criminal trespass. Pedersen argues that his trial and appellate counsel were ineffective in defending his charge of trespass because his counsel failed to establish evidence that he resided with his wife at the time of his trial. (Docket # 28 at 2-3; Affidavit of Carl Pedersen, Docket # 29; Affidavit of Jeffery Pedersen, Docket # 30-1.) Although the evidence of Pedersen's address is not "new" in the sense that it was unknown to Pedersen at the time of trial, for purposes of having his otherwise barred constitutional claim of ineffective assistance of counsel claim heard, it is sufficient for Pedersen to show that the new evidence is reliable and that it was not presented at trial. *See Gomez v. Jaimet*, 350 F.3d 673, 679-80 (7th Cir. 2003).

Pedersen states that he lived at N18798 Kennedy Drive in Pembine, Wisconsin (which is the same address as his wife), at the time of the incident in question. (Docket # 2, # 2-1-# 2-5, # 30-1.) Pedersen argues that he had a lawful right to be upon joint property he owned with his wife and thus could not be convicted of criminal trespass. (Docket # 1 at 6-7.) However, the evidence presented at trial showed that at the time of the incident in question, Pedersen and his wife were preparing to be divorced and were living in two separate mobile homes on the same piece of property. (Transcript of Jury Trial from March 5, 2002, Docket # 36-1 at 158-60.) Mrs. Pedersen testified that just before

the incident, she had moved out of Pedersen's mobile home and was living with her children in a different mobile home on the same piece of property. (*Id.* at 160, 195.) Mrs. Pedersen's father owned the land, and she had asked Pedersen to move his mobile home off of the property. (*Id.* at 156, 159.) Mrs. Pedersen further testified that Pedersen did not have permission or consent to enter her mobile home and that her door was locked and he kicked it in to enter. (*Id.* at 173-74.) Although Pedersen testified that he had been in Mrs. Pedersen's mobile home "many times" until a week or two before the incident and that he never knocked to enter and that some of his property was in there (Transcript of Jury Trial from March 6, 2002, Docket # 36-2 at 311-12), he also testified that his wife "moved to the trailer next door" prior to the incident occurring (*id.* at 319-20).

Under Wisconsin law, even if a home is jointly owned by two people legally married, if one party no longer uses the property as their residence, they do not "dwell" there for purposes of the statute and thus can be charged with criminal trespass to dwelling under Wis. Stat. § 943.14. *State v. Carls*, 186 Wis. 2d 533, 536, 521 N.W.2d 181, 182 (Ct. App. 1994) ("[W]e hold that ownership interests have no effect on the applicability of § 943.14."). Thus, even if Pedersen and his wife jointly owned both trailers, because Pedersen no longer lived in his wife's trailer, his unauthorized entry into the trailer constituted a criminal trespass to dwelling under Wis. Stat. § 943.14, as the jury found. As such, Pedersen has not shown that no reasonable juror would have convicted him and thus has not shown actual innocence.

In summary, Pedersen's petition was filed well beyond AEDPA's limitations period and he has not shown equitable tolling applies, nor has he shown that he is actually innocent. Accordingly, Pedersen's petition is dismissed as untimely filed.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Pedersen's habeas petition, none of Pedersen's claims warrant a certificate of appealability. The statutory timeliness of Pedersen's petition is a straightforward issue, and this Court does not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the Court will deny Pedersen a certificate of appealability.

Pedersen retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Pedersen's petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Pedersen's motion for Reconsideration of Evidentiary Hearing (Docket # 21) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of March, 2015.

                                          BY THE COURT

                                          *s/Nancy Joseph*
                                          NANCY JOSEPH
                                          United States Magistrate Judge